PENN et v. PATTERSON.

Ohio Appeals, 4th Dist., Highland Co.

Decided Dec. 10, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

1271. WILLS AND LEGACIES—Where will refers to certain memorondum making it a part thereof, and mentions date which memorandum bears, memorandum bearing different date will not be admitted to probate.

Error to Common Pleas.

Judgment affirmed.

D. Q. Morrow and Cyrus Newby, Hillsboro, and Nichols Speidel & Nichols, Batavia, for Penn et.

John P. Phillips, Chillicothe, for Patterson.

FULL TEXT.

MAUCK, J.

Lena P. Spargur Patterson died testate in February, 1918. Her will dated August 27, 1917, and two codicils thereto dated November 3, 1917, and January 29, 1918, were admitted to probate. Application was made to the Probate Court to admit to probate as part of the will a certain memorandum signed by the testatrix, written by her and dated the same as the will, August 27, 1917. This was denied by the Probate Court and on appeal to the Common Pleas that court also denied probate to the memorandum. It is now sought to reverse the judgment of the Common Pleas.

The memorandum begins with the recital:

"It is my desire that in addition to my will my jewelry, silver, etc., be divided in the following manner. All furniture and rugs not mentioned can be sold."

Then follows several pages of items, the first of which reads:

"Sue D. Reed: Diamond horse shoe pin. Sue D. Reed, cluster diamond ring—was my mother's."

This memorandum if admitted to probate as part of the will would constitute a bequest of many and valuable articles of personal property which otherwise would under the residuary clause of the will pass to the surviving husband of the testatrix, Edmund B. Patterson. The right to probate is asserted under the second item of the will which reads as follows:

"2. I give my jewelry, household furniture and other articles of chattel property described or referred to in a certain paper writing dated August 21, 1915, and signed by me, to the persons named and in the way specified therein, and hereby make said paper writing a part of this will; and I authorize my executors hereinafter named, to distribute the same accordingly."

This memorandum was found after the death of the testatrix in a safety deposit box to which the testatrix alone had access, in the envelope containing the will. The envelope had been indorsed by the scriviner at the time of the execution of the will with the words:

"Last Will and and Testament of Lena P. Spargur Patterson."

There is little difficulty in drawing the inference that Mrs. Patterson thought that she was enclosing with the will the memorandum referred to in the second item of the will. The inference, however, goes no further.

The policy of this state in regard to the testamentary disposition of property is fixed by statute. The attestation of two subscribing witnesses is mandatory. The memorandum in question must be a part of the testatrix's will and have the support of the attestation of that instrument or it fails. That the will itself may make some other document a part of its terms and by adoption draw such other document into the subscription and attestation that gives validity to the instrument may be assumed but is not decided. Conceding that Ohio is in line with those states that permit an extrinsic document to be read into and made part of a will, the rule here, as in those jurisdictions where such right has been clearly recognized, must be that in the adoption of such extrinsic document nothing must be left to chance. A review of the cases cited would be without profit in view of the record herein. Jarman says two things are required:

"First, that the will should refer to some document as then in existence; secondly, proof that the document propounded for probate was, in fact, written before the will was made, and was identical with that referred to in the will."

Of like import in different language reads

28 R. C. L. 112, Page on Wills, Sec. 248, and other texts.

The will in question by the item quoted refers to a document then in being and conforms, therefore, to one of the requirements. There was according to this item a memorandum in existence when her will was signed and said memorandum was dated August 21, 1915. If the memorandum whose probate was sought had borne the date named in the will the record in this case would warrant the conclusion that such memorandum was identified by that clear and satisfactory evidence required for such identification. The fact, however, that the proffered memorandum bears a different date negatives the claimed identity and would in the absence of any testimony at all render impossible the probate of the memorandum. The record, however, goes much further. Not only does this memorandum bear on its face a date in the testatrix's writing at entire variance with the date fixed by the will but the testimony affirmatively shows that there was another memorandum bearing the date of August 21, 1915. This fatal variance between the memorandum and original will was not cured or affected by anything in the codicils. The identification was as completely lacking after as before the codicils. Those offering the memorandum wholly failed to make their case.

Middleton, PJ., concurs.)